IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| COREY STEELE, | ) |
| Plaintiff, | ) |
| vs. | ) No. 3:19-CV-1679-N-BH |
| UNICON GROUP, et al., | ) |
| Defendants. | ) Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court are the plaintiff's *Request Temp. Restraining Order*, filed July 24, 2019 (doc. 7), and *Request to be Heard Ex Parte,* filed August 6, 2019 (doc. 16).[2] Based on the relevant filings and applicable law, the motions should be **DENIED**.

**I.**

On July 12, 2019, Corey Steele (Plaintiff) sued numerous defendants on grounds that they violated his First Amendment rights during state court proceedings.  (doc. 3 at 2-4.)[3]  On June 26, 2019, the state court entered a temporary restraining order (TRO) that essentially barred Plaintiff from harassing or threatening the officers, employees, agents and counsel of defendants Unicon Group, LLC and CY Addison Hospitality Partners, LLC, and from posting communications from counsel and video of the defendants' construction projects online.  (*Id.* at 93-97.)  After a hearing on July 10, 2019, it entered a temporary injunction.  (*Id.* at 98-102.)

---

[1]  By *Special Order No. 3-251*, this *pro se* case was automatically referred for full case management, including determination of non-dispositive motion and issuance of findings of fact and recommendations on dispositive motions.

[2]  Although filed under seal, no motion to seal was filed as required by the Local Civil Rules for the Northern District of Texas, and there is no apparent reason to seal the filing.  Accordingly, the filing shall be unsealed.

[3]  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Plaintiff claims that the injunction causes immediate, irreparable harm to his reputation because it declares him to be an extortionist with mental illness and an established pattern of harassment and violent threats towards litigants as well as a threat to the general public. (*Id.* at 4.) He seeks a TRO lifting the injunction and directing the state court to remove the TRO and injunction from the official records, an order for ethics and disciplinary committee review of the attorneys and presiding state judge, an order that he be allowed to record judicial hearings, a coffee mug from each defendant, and $1.00 in punitive damages. (*Id.*)

After he paid the filing fee in this case on July 25, 2019, Plaintiff was advised by order dated July 26, 2019, that he was responsible for serving each defendant. (*See* doc. 6.) The docket does not reflect that any defendant has been served, and none has appeared.

On July 24, 2019, Plaintiff moved for a TRO but did not identify the specific relief he sought. (*See* doc. 7.) It appears that he seeks relief from an order to show cause why he should not be held in contempt for violating the injunction. (*Id.* at 3-13.) The proposed order he submitted with his motion for TRO orders the state court to lift the injunction, remove the TRO and injunction from its official records, recuse the judge who issued the injunction, refrain from setting any additional hearings in that case until this federal case is concluded, and allow him to record judicial hearings. (*See* doc. 7-1 at 2.) On August 6, 2019, he filed a request to have his TRO heard *ex parte*. (*See* doc. 16.)

## II.

A party may obtain a TRO without notice to the other side if it satisfies the necessary requirements, which are:

> (A)  specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before

2

>   the adverse party can be heard in opposition; and
>
>   (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  Here, the motion contains no certification regarding any efforts to provide notice and the reasons why it should not be required.

Additionally, in order to obtain a TRO, a plaintiff "must show entitlement to a preliminary injunction." *Mktg. Investors Corp. v. New Millennium Bank*, No. 3:11-CV-1696-D, 2011 WL 3157214, at *1 (N.D. Tex. July 26, 2011) (Fitzwater, C.J.) (citations omitted).  A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 (2008).  To obtain a preliminary injunction, the movant must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest.  *Tex. Midstream Gas Servs., LLC. v. City of Grand Prairie*, 608 F.3d 200, 206 (5th Cir. 2010) (citation omitted).  The party seeking the preliminary injunction bears the burden of persuasion on all four requirements.  *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 253 (5th Cir. 2009).

To establish the first element of likelihood of success on the merits, a "plaintiff must present a prima facie case but need not show that he is certain to win." *Janvey v. Alguire*, 628 F.3d 164, 175 (5th Cir. 2010).  The first element is assessed by looking at standards provided by substantive law. *Id.* (citing *Roho, Inc. v. Marquis*, 902 F.2d 356, 358 (5th Cir. 1990)).  Here, Plaintiff has not addressed any of the standards or elements of his claims in an attempt to show a likelihood of success on the merits.  Nor has he addressed the third and fourth elements.  His

3

brief and conclusory statements that he faces immediate and irreparable harm, which go to the second element, are not sufficient to show entitlement to preliminary injunctive relief. He has wholly failed to carry his burden of showing why a temporary restraining order should issue in this case.

## III.

The plaintiff's motions for a temporary restraining order and an *ex parte* hearing should be **DENIED**.

**SO RECOMMENDED this 9th day of August, 2019.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE