IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COREY STEELE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 3:19-CV-1679-N-BH |
| | ) | |
| UNICON GROUP, et al., | ) | |
| | ) | |
| Defendants. | ) | Referred to U.S. Magistrate Judge[1] |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court are the plaintiff's *Motion for: Default Judgement Kelly Davis & Assoc.,* filed August 22, 2019 (doc. 19), and *Motion for: Default Judgement Judge Monica Purdy,* filed September 3, 2019 (doc. 25). Based on the relevant filings and applicable law, the motions should be **DENIED**.

I.  BACKGROUND

Corey Steele (Plaintiff) initially sued UG National Coastructive (sic) and CY Addison Hospitality Partners, LLC, in state court. (doc. 3 at 47-73.)[2] On June 26, 2019, the state court entered a temporary restraining order (TRO) that essentially barred Plaintiff from harassing or threatening the defendants' officers, employees, agents and counsel, and from posting communications from counsel and video of the defendants' construction projects online. (*Id.* at 93-97.) After a hearing on July 10, 2019, it entered a temporary injunction. (*Id.* at 98-102.)

On July 12, 2019, Plaintiff filed this federal action against the state court defendants and their attorney, Kelly M. Davis & Associates (Attorney), the state court judge (Judge), and

---

[1]  By *Special Order No. 3-251,* this *pro se* case was automatically referred for full case management, including determination of non-dispositive motion and issuance of findings of fact and recommendations on dispositive motions.

[2]  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

numerous others, alleging that they had violated his First Amendment rights during the state court proceedings. (*Id.* at 2-4, 75.) He claims that the injunction caused immediate, irreparable harm to his reputation because it declared him to be an extortionist with mental illness and an established pattern of harassment and violent threats towards litigants, as well as a threat to the general public. (*Id.* at 4.) He seeks a federal court order lifting the state court injunction and directing the state court to remove the TRO and injunction from the official records, an order for ethics and disciplinary committee review of the attorneys and presiding state judge, an order that he be allowed to record judicial hearings, a coffee mug from each defendant, and $1.00 in punitive damages. (*Id.*)

After he paid the filing fee in this case on July 25, 2019, Plaintiff was advised by order dated July 26, 2019, that he was responsible for serving each defendant. (*See* doc. 6.) On August 2, 2019, he filed certificates of service indicating that Attorney and Judge had been served "via Texas e-File System." (*See* docs. 13 at 1; 15 at 1.) The certificates both state that summons were stamped and accepted by the Dallas District Clerk. (*See id.*) Neither defendant has appeared, and Plaintiff now moves for default judgment against both under Fed. R. Civ. P. 55(a).

## II. ANALYSIS

Rule 55 sets forth the conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. There is a three-step process for securing a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered by the clerk when the default is established "by affidavit or otherwise". *See id.*; *N.Y. Life Ins.*, 84 F.3d at 141. Third, a party

may apply to the clerk or the court for a default judgment after an entry of default.  Fed. R. Civ.

P. 55(b); *N.Y. Life Ins.*, 84 F.3d at 141.

Here, there has been no entry of default.  The Clerk of Court declined to enter a default

against either Attorney or Judge based on Rule 4(c)(2) of the Federal Rules of Civil Procedure.

Rule 4(c) places the burden on the plaintiff to ensure that defendants are properly served with

summons and a copy of the complaint.  Fed. R. Civ. P. 4(c)(1).  A plaintiff must show that a

defendant was properly served and failed to answer or respond in order to establish default, so

the "propriety of the entry of default is thus dependent on the propriety of service."  *Pathway*

*Senior Living LLC v. Pathways Senior Living LLC*, No. 3:15-CV-2607-M, 2016 WL 1059536,

*2 (N.D. Tex. Mar. 17, 2016).  "Until the plaintiff serves the defendant, the defendant has no

duty to answer the complaint." *Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 937 (5th

Cir. 1999); *accord Broadcast Music, Inc. v. M.T.S. Enter., Inc.*, 811 F.2d 278, 282 (5th Cir.1987)

("No person need defend an action nor suffer judgment against him unless he has been served

with process and properly brought before the court.").  Absent proper service of process, a court

lacks personal jurisdiction over the defendant, and any default judgment against the defendant

would be void. *See Rogers*, 167 F.3d at 940 (citing Fed. R. Civ. P. 60(b)(4)).

Subsection (2) of Rule 4(c) provides that "[a]ny person who is at least 18 years old and

*not a party* may serve a summons and complaint."  Fed. R. Civ. P. 4(c)(2) (emphasis added).

Rule 4(e) identifies the methods that may be used for serving an individual in a judicial district

of the United States, including "by following state law for serving a summons in an action

brought in courts of general jurisdiction in the state where the district court is located or where

service is made."  Rule 103 of the Texas Rules of Civil Procedure provides that any sheriff or

constable or other person authorized by law or written order of the court who is not less than 18

years old may serve process.  TEX. R. CIV. P. 103.  The rule expressly provides that "no person

who is a party to or interested in the outcome of the suit" may serve any process in that suit.  *Id.*

Here, Plaintiff's certificates of service show that he attempted to serve the defendants by

e-file.[3]  (*See* docs. 13. 15.)  Neither the federal rules of civil procedure nor the state rules of civil

procedure allow him to serve process because he is a party to this action.  *See* FED. R. CIV. P.

4(c)(2); TEX. R. CIV. P. 103.  Moreover, Plaintiff has not shown that the defendants have been

properly served under Rule 106(a), which requires personal service or service by registered or

certified mail, return receipt requested.  TEX. R. CIV. P. 106(a).  "[T]he citation to be served upon

the filing of a cause of action" may not be served electronically.  *See* TEX. R. CIV. P. 21a.

Plaintiff has not shown that he properly served the defendants and that they had a duty to

answer or otherwise plead. *See Shorty v. Sparkman*, No. 5:12-CV-114 (DCB)(MTP), 2013 WL

4773943, * 3 (S.D. Miss. Sept. 4, 2013) (the defendants are under no objection to plead or

defend until properly served with process).  He has not shown that entry of default is appropriate.

*See Pathway Senior Living LLC*, 2016 WL 1059536 at *2; *see also Goodwin v. Housing Auth. of

New Orleans, et al.*, No. 11-1397, No. 2013 WL 3874907, *2 (E.D. La. July 25, 2013) (entry of

default not warranted in the absence of effective service); *Hazim v. Schiel & Denver Book

Group, et al.*, No. H-12-1286, 2013 WL 2152109, *1 (S.D. Tex. May 16, 2013) (a movant must

show proper service before a motion for entry of default can be granted) (citations omitted).

Because no default has occurred or been entered, Plaintiff has no basis for seeking a

default judgment. Moreover, "a party is not entitled to a default judgment as a matter of right,

---

[3]  A return of service is *prima facie* evidence of the manner of service. *Nabulsi v. Nahyan*, No. H–06–2683, 2009 WL 1658017, at *4 (S.D. Tex. June 12, 2009), *aff'd* 383 F. App'x 380 (5th Cir. 2010) (per curiam).

even where the defendant is technically in default." *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir.

2001) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996)).  "In fact, '[d]efault

judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only

in extreme situations.'" *Lewis*, 236 F.3d at 767 (quoting *Sun Bank of Ocala v. Pelican

Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)).  Default judgment is not

warranted.

### III.  RECOMMENDATION

The plaintiff's motions for default judgment should be **DENIED**.

**SO RECOMMENDED this 5th day of September, 2019.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE