| | | |
|---|---|---|
| In Re: | **Updated Prayer for Relief** |  "Deeds Not Words" |
| | Waiver of Money Damages | |
| | Requests | **Case Style** |
| Plaintiffs | | 3 : 19 - cv - 01679 |
| | Corey Steele          Pro Se | |
| Defendants | | Plaintiffs Original Waiver of Monetary Relief |
| | Associat Judge Monica Purdy | Request for Mandamus, Injunctive, and |
| | Dallas 68th Civil Court District | Declarative Relief |
| | Kelly Davis & Assoc | |
| | Rhonda Pinson | |

The Puddlers Plea

**Puddler - Noun**

" A worker who turns pig iron into wrought iron "

puddler. (n.d.) American Heritage® Dictionary of the English Language, Fifth Edition. (2011).

Retrieved October 2 2019 from https://www.thefreedictionary.com/puddler

Table of Contents

| Pg | Item |
|---|---|
| 1 | Cover Page |
| 2 | Intro |
| ( 2 - 3 ) | Parties |
| 4 | Declaration of Waiver of Civil Monetary Damages |
| 4 | Basis For Jurisdiction |
| 4 | Request for Oral Argument |
| 4 | Request for Trial by Jury |
| ( 5 - 6 ) | Index of Authorities |
| 6 | Exhibits |
| ( 7 - 10 ) | Summary of Underlying Controversy |
| ( 10 - 11 ) | Summary of Controversy leading to this action |
| 12 | Irreperable Injury |
| ( 12 - 13 ) | Prayer for Relief |
| 13 | Statement of Closing |

1   Provided before this court is an original waiver of monetary relief and amended prayer for relief, filed by Corey Steele ( hereby further refered to as "Plaintiff" ). Plaintiff requests relief against the following defendants lifting and declaring all orders executed by the defense to be egregiously breaching Plaintiffs, and are thusly unconstitutional and void ( including but not limited to ) First Amendment Rights as provided by the United States Constitution

## The Parties to This Complaint

2   ( a )   The Plaintiff(s)           Pro Se
        ( 1 )   Name                    Corey Steele
                Street Address          2633 McKinney Ave #395
                City and County         Dallas , Dallas
                State and Zip Code      Texas , 75204
                Telephone Number        214-551-8595
                E-mail Address          csteele@trustmarkroofing.com
    ( b )   The Defendant(s)
        ( 1 )   Name                    Kelly M. Davis & Associates
                Title                   Attorney at Law
                Street Address          550 S. Edmonds Ln Ste 201
                City and County         Lewisville , Denton
                State and Zip Code      Texas , 75067
                Telephone Number        972-434-8009
                E-mail Address          kelly@kmdalegal.com
        ( 1a )  Represented By ;        Unk
        ( 2 )   Name                    Monica Purdy
                Title                   Associate Judge
                Street Address          600 Commerce Street, 6th Floor
                City and County         Dallas , Dallas
                State and Zip Code      Texas , 75202
                Telephone Number        214-653-6043
                E-mail Address          Unk
        ( 2a )  Represented By ;
                Name                    Assistant Dist Attorney - Jason G. Schuette
                Bar #                   17827020
                Email                   jason.schuette@dallascounty.org
                Phone                   214-653-3692
                Address                 133 N. Reverfront Blvd., LB 19
                                        Dallas, TX 75207
        ( 2b )  Represented By ;
                Name                    Assistant Dist Attorney - John Butrus
                Bar #                   03537330
                Email                   john.butrus@dallascounty.org
                Phone                   214-653-3692
                Address                 133 N. Reverfront Blvd., LB 19
                                        Dallas, TX 75207

| | | |
|---|---|---|
| ( 2c ) | Represented By ; | |
| | Name | Criminal District Attorney - John Creuzot |
| | Bar # | Unk |
| | Organization | Federal Litigation Division |
| | Email | Unk |
| | Phone | 214-653-3692 |
| | Address | 133 N. Reverfront Blvd., LB 19 |
| | | Dallas, TX 75207 |
| ( 3 ) | Name | The Dallas 68th Civil District Court |
| | Title | Civil District Court |
| | Street Address | 600 Commerce Street, 5th Floor |
| | City and County | Dallas , Dallas |
| | State and Zip Code | Texas , 75202 |
| | Telephone Number | 214-653-6510 |
| | E-mail Address | rhonda.pinson@dallascounty.org |
| ( 3a ) | Represented By ; | Unk |
| ( 4 ) | Name | Rhonda Pinson |
| | Title | Civil District Court |
| | Street Address | 600 Commerce Street, 5th Floor |
| | City and County | Dallas , Dallas |
| | State and Zip Code | Texas , 75202 |
| | Telephone Number | 214-653-6510 |
| | E-mail Address | rhonda.pinson@dallascounty.org |
| ( 4a ) | Represented By ; | Unk |

## Declaration of Waiver of Monetary Relief

3    I, Corey Steele declare as follows:

    ( a )    I am the Plaintiff represented Pro Se in the action styled as 3:19-cv-01679

    ( b )    I hereby waive any right to monetary relief for damages caused by the actions of Defendant Monica Purdy

    ( c )    I hereby waive any right to monetary relief for damages caused by the actions of Defendant Dallas 68th Civil Court District

    ( d )    I hereby waive any right to monetary relief for damages caused by the actions of Non-Party Judge Martin Hoffman

    ( e )    I hereby waive any right to monetary relief for damages caused by the actions of Defendant Rhonda Pinson

    ( f )    I hereby declare the exclusive nature of relief sought from all Judicial actions and errors to be strictly limited to only include Mandamus, Injunctive, and Declaratory Relief

Under threat of Perjury I hereby decalre all of the previous before the Nothern District Court of Texas on this the 3rd day of October 2019

/s/ Corey Steele
2633 McKinney Ave #395
Dallas TX, 75204
214-551-8595
csteele@trustmarkroofing.com

## Basis for Jurisdiction

4    ( a )    Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court. This complaint is pursuant to :

        ( 1 )    Cases involving a federal question under 28 U.S.C. § 1331, this case arises under the United States Constitution, Federal Laws, or Treaties

        ( 2 )    Cases involving a federal question under 42 U.S.C. § 1983, this case arises under the United States Constitution, Federal Laws, or Treaties

    ( b )    The basis of this jurisdiction being a Federal Question regarding the following specific federal statues, treaties, and/or provisions of the United States Constitution

        ( 1 )    This case involves a federal question under 18 U.S.C. 13 § 242, this case arises under the United States Constitution, Federal Laws, or Treaties

        ( 2 )    This case involves a federal question under 18 U.S.C. 41 § 872 , this case arises under the United States Constitution, Federal Laws, or Treaties

        ( 3 )    This case involves a federal question under 42 U.S.C. § 1983 , this case arises under the United States Constitution under amendments 1, 4, 6, 8, 9, 10, 13, 14

## Request for Oral Argument

5    The court is requested to grant adequate time to respond, as well as oral argumentl; on the applicability of the doctrine of Judicial Immunity in this action

## Request for Trial by Jury

6    The court is requested to grant trial by jury on this matter

## Index of Authorities

| 7 | | **Federal Laws** | | | **US Constitution** |
|---|---|---|---|---|---|
| | ( a ) | 42 U.S.C. § 1983 | | ( a ) | Amendment( s ) ; |
| | ( b ) | 28 U.S.C. § 1331 | | | 1 , 4 , 6 , 8 , 9 , 10 , |
| | ( c ) | 18 U.S.C 13 § 242 , 41 §  872 | | | 13 , 14 |

### Publications

| 8 | ( a ) | Organization | TMCEC FY13 Regional Judges Program | |
| --- | --- | --- | --- | --- |
| | | Title | Judicial Immunity | |
| | | Author | Ryan Henry | Ryan.henry@rshlawfirm.com |
| | ( b ) | Organization | Case Western Reserve Univ. | |
| | | Title | Immunity of Federal and State Judges from Civil Suit | |
| | | Author | Douglas K. Barth | |
| | ( c ) | Organization | The Duquesne Law School | |
| | | Title | Winter 1983' Edition - " Judicial Immunity Under Attack " | |
| | | Author | Charles J. Volpe, Jr. | |

### Case Law

| 9 | ( a ) | Alpert v. Gerstner, 232 S.W.3d 117, 127 ( Tex App Houston 14th Dist 2006 ) |
|---|---|---|
| | ( b ) | Anderson v. Creighton, 483 U.S. 635 ( 1987 ) |
| | ( c ) | Bagg v. University of Texas Medical Branch, 726 S.W.2d 582 ( Tex App Houston 14th Dist 1987 ) |
| | ( d ) | Ballantyne v. Champion Builders Inc. 144 S.W.3d 417, 522, 47 ( Tex 2004 ) |
| | ( e ) | Bradley v. Fisher, 13 Wall. 335 ( 1872 ) |
| | ( f ) | Bradt v. West, 892 S.W.2d 56, 69 ( Tex App Houston 1st Dist 1994 ) |
| | ( g ) | Brewer v. Blackwell, 692 F.2d 387 ( 5th Cir. 1982 ) |
| | ( h ) | Briscoe v. LaHue, 460 U.S. 325 ( 1983 ) |
| | ( i ) | Chapman v. Houston Welfare Rights Organization, 441 U.S. 600 ( 1979 ) |
| | ( j ) | City of Houston v. W. Capital Fin. Servs. Corp., 961 S.W.2d 687, 689 ( Tex App Houston 1st Dist 1998 ) |
| | ( k ) | Crowe v. Lucas 595 F.2d 985 ( 5th Cir 1979 ) |
| | ( l ) | Daniels v. Stovall, 660 F. Supp. 301 ( S.D. Tex 1987 ) |
| | ( m ) | Davis v. Scherer, 468 U.S. 183 ( 1984 ) |
| | ( n ) | Davis v. Tarrant Co., 565 F. 3d 214 ( 5th Cir. 2009 ) |
| | ( o ) | Ellis v. City of Garland, 1999 U.S. Dist LEXIS 10856 ( N.D. Tex July 8, 1999 ) |
| | ( p ) | Ex Parte Virgina, 100 U.S. 339 ( 1880 ) |
| | ( q ) | Forester v. White, 484 U.S. 219 ( 1988 ) |
| | ( r ) | Gardner v. Parson, 874 F.2d 131, 145-46 ( 3d Cir. 1989 ) |
| | ( s ) | Garza v. Morales, 923 S.W.2d 800 ( Tex App Corpus Christi 1996 ) |
| | ( t ) | Gomez v. Toledo, 446 U.S. 635 ( 1980 ) |

NORTHERN DISTRICT OF TEXAS        3:19-cv-01679

Steele                                   V                       Assoc. Judge Monica Purdy , Et Al

- (u) Harlow v. Fitzgerald, 457 U.S. 800 ( 1982 )
- (v) Harper v. Merckle, 638 F.2d 848 ( 5th Cir. 1981 )
- (w) Hodorwski v. Ray 844 F.2d 1210, 1213-15 ( 5th Cir. 1988 )
- (x) Holloway v. Walker, 765 F. 517 ( 5th Cir. 1985 )
- (y) Johnson v. Kegans, 870 F.2d 992, 995 ( 5th Cir 1989 )
- (z) Lopez v. Vanderwater, 620 F.2d 1229 ( 7th Cir 1980 )
- (aa) Malachowski v. City of Keene, 787 F.2d 704, 712 ( 1st Cir. 1986 )
- (ab) Malina v. Gonzales, 994 F.2d 1121 ( 5th Cir. 1993 )
- (ac) McAlester v. Brown, 492 F.2d 1280 ( 5th Cir. 1972 )
- (ad) Mireles v. Waco, 502 U.S. 9 ( 1991 )
- (ae) Mitchell v. Forsyth, 472 U.S. 511 ( 1985 )
- (af) Mitchum v. Foster, 407 U.S. 225 ( 1972 )
- (ag) Pierson v. Ray U.S. 547 ( 1967 )
- (ah) Pulliam v. Allen, 466 U.S. 522 ( 1984 )
- (ai) Randall v. Brigham, 7 Wall. 523 ( 1869 )
- (aj) Rheuark v. Shaw, 628 F.2d 297 ( 5th Cir. 1980 )
- (ak) Sindram v. Suda, 300 U.S. App. D.C. 110, 986 F.2d 1459, 1460 ( D.C. Cir 1993 )
- (al) Slavin v. Curry, 574 F.2d 1256 ( 5th Cir 1978 )
- (am) Sparks v. Duval Ranch Co., 604 F.2d 976 ( 5th Cir. 1979 )
- (an) Spencer v. Seagoville, 700 S.W.2d 953 ( Tex App Dallas 1985 )
- (ao) Stump v. Sparkman, 435 US 349 ( 1978 )
- (ap) Thomas v. Sams, 734 F.2d 185 ( 5th Cir. 1984 )
- (aq) Turner v. Pruitt, 342 S.W. 2d 422 ( Tex 1961 )
- (ar) Turner v. Raynes, 611 F. 2d 92 ( 5th Cir 1980 )
- (as) Turner v. Raynes, 611 F.2d 92 ( 5th Cir 1980 )
- (at) Wallace v. Moberly, 947 S.W.2d 273 ( Tex App Ft Worth 1997 )
- (au) Warnock v. Pecos County, Tex, 88 F.3d 341 ( 5th Cir. 1996 )

## **Exhibits**

10  This petition includes the following exhibits, whether by direct attachment, or link to external commercial public streaming services and commercial data storage locations

- (a) Additional Entities
- (b) DC-19-07861 Filed Action Packet
- (c) Video Evidence " Helping Kevin on Hobsite - 4 "      https://youtu.be/Hfw2KkpyDLs
- (d) Video Evidence " Helping Kevin " Playlist
  https://www.youtube.com/playlist?list=PLxnKvZqkFBdl8NOdCWroo1J6NKthuwbRg
- (e) Video Evidence recording from hearing 7/10/2019
  https://www.dropbox.com/s/t7j24avvzk17sb3/Steele%20V%20UG%20National%20TRO%20Hearing%207.10.2019.MP4?dl=0
- (f) Copy of executed TRO
- (g) Copy of executed Injunction
- (h) Defendants Exhibit "13"
- (i) Approximation of - Defendants Exhibit "12'

## SUMMARY OF UNDERLYING CONTROVERSY

11     The following timeline of events from the controversy for the initial trial proceedings

     ( a )     20-Mar "AGC" Receives Subcontract totaling $94,147.90

     ( b )     22-Mar "AGC" sends billing for work completed totalling approx : $18k

     ( c )     26-Mar UG National barred "AGC" from the jobsite, and seized control over "AGC" third tier contractors

     ( d )     26-Apr 3/22 billing due pursuant to Chapter 28 of the TX Prop Code

     ( e )     15-May UG National offers "AGC" $3,700 as payment, and demands waiver of contractual and property rights in order to be allowed to receive this money

     ( f )     29-May UG National is 68 days past 3/22 billing, still has not paid "AGC"

         ( 1 )     Exhibit : ( ext 1 ) takes place on this date, UG will not pay "AGC" until plaintiffs property is removed from the internet

     ( g )     On a date after 5/29/2019 but unknown to plaintiff; UG paid "AGC" $7,500

         ( 1 )     Proof of this payment and any settlement agreements has not been provided to date

12     The previous confirmed actions taken in this cotroversy are supported by evidence;

     ( a )     These actions reveal conduct known more accurately as "Prevention Doctrine" by the 4th Cir Court of Tx

         ( 1 )     https://youtu.be/Hfw2KkpyDLs

         ( 2 )     Beginning at approx : 5:40 min , an agent and or representative for UG informed "AGC" he is nearing termination on the contract for an inability to execute a portion of their subcontract. This is then followed up immediately by said agent directly refusing to allow "AGC" to work on the portion of the project in which he was threated removal over

     ( b )     Confirmed that UG National before having knowledge of this evidence only offered to pay "AGC" approx $3,700 and demanded that "AGC" release any and all liability she had to the project in order to receive it. Giving a certified instance of coersion, to aid in the claim of extortion

13     The events leading to plaintiffs appeal before this court, further led to the updated joinder of the original proceedings, to include Respondent Kelly Davis, and Kelly Davis and Assoc; for their intentional abuse of the process to overly burden, and add undue cost along with expenditure of time required to fight these actions. Finding her in clear breach of ( Texas Disciplinary Rules of Professional Conduct 1.02 , 3.02 , 3.03 , 4.01 , 5.02 )

     ( a )     Where did the events giving rise to this action(s) occur?

         ( 1 )     Disputes on improvements to the real property located at 4165 Proton Dr. Addison Tx 75001

         ( 2 )     plaintiff filed civil action against a selection of these party of interests, this suit is located in the Dallas 68th Civil District Court and is styled as DC-19-07861 Steele v UG National et al This suit was filed at 600 Commerce Street Dallas Texas 75202

- ( 3 )  Specific First Amendment Breaches happened in the auxillary courtroom for Real Party of Interest Judge Purdy; wherein on 7/10/2019 at the hearing to turn the already obtained Temporary Restraining Order into a Temporary Injunction, she did not allow plaintiff to record the proceedings, and declared that the court reporters record would be sufficient to suffice as the record
- ( 4 )  plaintiff requested the court reporters record on 7/15/2019 with no response
- ( 5 )  plaintiff requested the court reporters record on 8/2/2019 with no response
- ( 6 )  plaintiff provided the court with notice of overdue record on 8/26/2019
- ( 7 )  plaintiff provided the court with notice that their withholding of the records constitutes coersive action making them actionable to prove extortionate activity and further requested the court fulfil the request again on 8/29/2019

( b ) What date did the events giving rise to this emergency request occur
- ( 1 )  plaintiff provided initial warning of intent to file suit to UG National on 5/29/2019
- ( 2 )  plaintiff attempting to fulfill meet and confer requirements sent approx : 20 email pertaining to the case DC-19-07861 between the dates of 5/29/2019 and 6/14/2019
- ( 3 )  plaintiff filed DC-19-07861 Steele v UG National on 6/3/2019
- ( 4 )  On 6/26/2019 with no previous attempts to communicate, Respondent filed her original request for TRO
- ( 5 )  On 6/26/2019 approximately 4 hours after filing their request for TRO the extraordinary relief was granted by the court, and mandamus was issued with plaintiff having no chance to be represented
- ( 6 )  On 7/10/2019 Real Party of Interest Judge Purdy signed Temporary Injunction directing mandamus based off a non-existant contract
- ( 7 )  On 7/12/2019 plaintiff filed federal question 3:19-cv-01679 naming specific breaches of civil rights up to this point by the Real Party of Interest
- ( 8 )  On 7/12/2019 plaintiff filed motion in the 68th for continuance of DC-19-07861 and a stay of hearings until after the resolution of Federal Question 3:19-cv-01679
- ( 9 )  On 7/15/2019 plaintiff updated Cause DC-19-07861 to include Respondent Kelly Davis for Malpractice
- ( 10 )  On 7/24/2019 plaintiff moved in federal question 3:19-cv-01679 to request a restraining order against Real Party of Interest to have her recuse
- ( 11 )  On 7/25/2019 plaintiff filed motion in the 68th for continuance of DC-19-07861 and a stay of hearings until after the resolution of Federal Question 3:19-cv-01679
- ( 12 )  On 7/30/2019 plaintiff moved for the recusal of Real Party of Interest Judge Purdy citing her inability to be impartial as reason for why she should be recused under TRCP 18
- ( 13 )  On 8/2/2019 plaintiff filed motion in the 68th to compel discovery, it was never heard
- ( 14 )  On 9/3/2019 plaintiff filed notice in the 68th to provide notice of intent to claim this emergency relief with no resposne

Steele                                            v                               Assoc. Judge Monica Purdy , Et Al

( c ) What are the fact(s) underlying this claim
- ( 1 ) plaintiff filed civil action against a selection of these party of interests, this suit is located in the Dallas 68th Civil District Court and is styled as DC-19-07861 Steele v UG National et al. This suit was filed on 6/3/2019.
- ( 2 ) Respondent Kelly Davis , was retained to defend UG National on or before 6/26/2019  In a clear and obvious effort to add undue burden, extreme embarrassment, and to abuse the process to gain an advantage in a civil action requested a Temporary Restraining Order against plaintiff
- ( 3 ) At no point before the requesting of this TRO was their communication from defense to plaintiff. This TRO requests immediate protection from the imminent threat of physical danger to plaintiff, and demands the deletion of videos from his YouTube account, (Specifically "Helping Kevin on Jobsite 4 " located @ - https://youtu.be/Hfw2KkpyDLs ) This video is damning evidence of the criminal actions perpetrated by UG National. These videos are protected under the 1st amendment and the claim is not supported by evidence of a contract
- ( 4 ) Upon filing for the TRO Miss Davis using the Texas E-File system to serve him with the correspondence "Ltr to Pl" in this correspondence she outlines that she will be seeking ex parte hearing to claim her TRO at 13:00 on 6/26/2019 (approximately 2 (two) hours before mentioned hearing). In this letter she failed to list that she will be having the ex parte hearing with aux court and not the presiding judge Hoffman of the 68th, it was held with associate judge Purdy.  plaintiff arrived at the court at approximately 12:45; while waiting with the courts reporter (miss Toni) in the courtroom of the 68th, the courts reporter recommended plaintiff ask the clerk if there was something because she wasn't aware of anything. Upon checking with the clerk of the 68th plaintiff was informed there were no hearings for his action
- ( 5 ) Miss Davis was in the hallway of the 68th during this time, and was their to recon the situation and did not introduce herself to plaintiff. plaintiff however is fully aware of his surroundings and on suspicion of this infact being what was occuring took a photo of her
- ( 6 ) Respondent Davis asserted allegations that plaintiff was harassing, and attempting to extort the defendants of the original action, and represented contractual media obligations that do not exist and were not supported with evidence

14  plaintiff provides that the previously outlined facts are being provided as affidavit used to establish facts that are not currently in the appelate record, as it has not been prepared yet; thusly these facts are not known yet to the court in its official capacity.
The facts that support this request for emergency relief are ;
- ( a ) The Trial Courts Order for Injunction, and the initial TRO are based off of a non-existant contract pertaining to the media obligations of plaintiff. The trial court breached its discretion in issuing an order based off of an unsupported and objected to assertion of an imaginary contract
- ( b ) The trial courts order issued mandamus against plaintiff in a proceeding he was not present at or given an opportunity to attend or be represented at

- ( c )    The trial courts order to show cause for contempt are subsequently based off of bad faith and improper application of non-existant contract obligations
- ( d )    The trial courts order to show cause for contempt are based off of plaintiff's correct service of pleadings as required by the Texas Rules of Civil Procedure, which are further protected under litigation immunity
- ( e )    These combined actions are all directly prejudicial against the plaintiff, and put him at signifcant risk of harm, and have already caused significant harm

## SUMMARY OF INITIAL CONTROVERSY LEADING TO THIS ACTION

15
- ( a ) Where did the events giving rise to this action(s) occur?
  - ( 1 ) Disputes on improvements to the real property located at 4165 Proton Dr. Addison Tx 75001
  - ( 2 ) Plaintiff filed civil action against a selection of these defendants, this suit is located in the Dallas 68th Civil District Court and is styled as DC-19-07861 Steele v UG National et al ( attached ) This suit was filed at 600 Commerce Street Dallas Texas 75202
  - ( 3 ) Specific First Amendment Breaches happened in the auxillary courtroom for defendant Purdy located on the 6th floor of 600 Commerce Street Dallas Texas 75202
- ( b ) What date and approximate time did the events giving rise to these claim(s) occur
  - ( 1 ) Plaintiff provided initial warning of intent to file suit to UG National on 5/29/2019
  - ( 2 ) Plaintiff attempting to fulfill meet and confer requirements sent approx : 20 email pertaining to the case DC-19-07861 between the dates of 5/29/2019 and 6/14/2019
  - ( 3 ) Plaintiff filed DC-19-07861 Steele v UG National on 6/3/2019
  - ( 4 ) Defendant Kelly Davis , on 6/26/2019 filed for a temp restraining order against plaintiff
  - ( 5 ) Defendant Monica Purdy executed temp restraining order against plaintiff on 6/26/2019
  - ( 6 ) Defendant Monica Purdy executed temp injunction against plaintiff of 7/10/2019
  - ( 7 ) Defendant Monica Purdy is set to hear dismissal for the cause DC-19-07861 on 7/17/2019. Despite not being the judge presiding over Dallas's 68th Civil District court
- ( c ) What are the fact(s) underlying this claim
  - ( 1 ) Plaintiff filed civil action against a selection of these defendants, this suit is located in the Dallas 68th Civil District Court and is styled as DC-19-07861 Steele v UG National et al ( attached ) This suit was filed on 6/3/2019.
  - ( 2 ) In an obvious effort to add undue burden, extreme embarrassment, and to abuse the process to gain an advantage in a civil action requested a Temporary Restraining Order against Plaintiff
  - ( 3 ) At no point before the requesting of this TRO was their communication from defense to the plaintiff. This TRO requests immediate protection from the imminent threat of physical danger from plaintiff, and demands the deletion of videos from his YouTube account, (Specifically "Helping Kevin on Jobsite 4 " located @ - https://youtu.be/Hfw2KkpyDLs ) This video is damning evidence of the criminal actions perpetrated by UG National. These videos are protected under the 1st Amendment

    *1st Specific 1st Am. Breach*

  - ( 4 ) Upon filing for the TRO Miss Davis using the Texas E-File system to serve him with the correspondence "Ltr to Pl" in this correspondence she outlines that she will be seeking an ex parte hearing to claim her TRO at 13:00 on 6/26/2019 (approximately 2 (two) hours before mentioned hearing). In this letter she failed to list that she will be having the ex parte hearing with an associate judge and not the presiding judge Hoffman of the 68th, it was held with

Steele      V      Assoc. Judge Monica Purdy , Et Al

associate judge Purdy.  Plaintiff arrived at the court at approximately 12:45; while waiting with the courts reporter (miss Toni) in the courtroom of the 68th, the courts reported recommended plaintiff ask the clerk if there was something scheduled because she wasn't aware of anything. Upon checking with the clerk of the 68th plaintiff was informed there were no hearings for his case; and as such he believed that he had over read what was already a flimsy "Notice of Hearing"

( 5 )   During plaintiffs visit to the court that day, he being fully aware of his surroundings; noticed a single person in the hallways at this time. Not being an idiot, plaintiff figured that this whole situation was a ruse designed to test the reaction capacity and capability of plaintiff. Being aware that he would need to prove this later, plaintiff obtained a picture of this ( attached exh KD Pic) currently unknown person on his way to exit the floor. This picture is indeed of Defendant Davis from her own admission.

( 6 )   Assoc. Judge Purdy executed the TRO ( attached TRO ) which required the oppression of 1st Amendment Rights, and set a hearing for 7/10/2019 in order to turn the TRO into the current temporary injunction. In this hearing Assoc. Judge Purdy stated that she found good cause in the provided evidence and testimony to order the temp injunction ( attached T.Inj ).
This evidence being ;

( A )   "Defendants Exhibit 12" ( Copy unavailable, but is a print out of plaintiffs emails to UG, these emails are attached ) Defendant Davis averred that the 20 emails plaintiff sent in addition to the documents served by the Texas E-File service provider to UG National, constituted harassment and extortion.

( B )   " Defendants Exhibit 13 " ( attached ) this evidence in addition to plaintiff being a former US Army Infantryman, and OIF 07-09 veteran; Defendant Purdy found good cause to label plaintiff as " a threat of physical harm to the general public "

*2nd Specific 1st Am. Breach*   ( C )   Further and beyond the imminent and extreme damage these actions have caused, Defendant Purdy has further breached plaintiffs 1st Amendment Rights by refusing to allow him to record the hearing in which all of this was decided him ( video located on plaintiffs https://www.dropbox.com/s/t7j24avvzk17sb3/Steele%20V%20UG%20National%20TRO%20Hearing%207.10.2019.MP4?dl=0 ) . Plaintiff recorded as much as possible but recognizing the rapid escalation of force being employed by the charging bailiff; plaintiff ended his recording, and was left defenselessfrom the breaches of ethics morality, and civil rights

## Irreparable Injury

16  Monetary damages at a later time would not adequately compensate Plaintiff for the injuries currently sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

- ( a )  This action is a blatant attempt to obtain an advantage in a civil action. Plaintiff outlined to defendant Purdy that the execution of this injunction will shred any and all credibility he will have in his other cases.
- ( b )  This Injunction causes Immediate, Irreparable, and extreme harm to the following causes of action filed in the Dallas District Courts : DC-19-04082 , DC-19-07861, DC-19-07661, DC-19-08602 , DC-19-04085 , DC-19-04087
- ( c )  This Injunction causes Immediate, Irreparable, and extreme harm to plaintiffs reputation.
    This Injunction is a judicial order declaring Plaintiffs to be:
    - ( 1 )  An extortionist
    - ( 2 )  Has Mental illness as well as PTSD
    - ( 3 )  Established a pattern of Harrasment and Harrasing Behavior
    - ( 4 )  Established a pattern of Violent Threats against litigants
    - ( 5 )  Declaring Plaintiff as a Threat to the Physical Safety and Wellbeing of the General Public
- ( d )  This Injunction Extremely, and Directly breaches plaintiffs 1st Amendment Rights. Plaintiff will under no circumstance follow an unlawful order. This injunctions illegality, puts plaintiff at imminent and immediate risk from judicial reprisal and detainment, and sanction which would cause incalculable harm to plaintiff

## Prayer for Relief

17
- ( a )  Immediate issuance of a Mandamus Relief in order to have the Federal Courts induce the Lower court to lift all judgements and orders executed against plaintiff
- ( b )  Declaratory Relief finding the actions outlined in this case to be unconstitutional, and void at conception
- ( c )  Federal Mandamus Relief directing the State to remove the states Temporary Restraining Order and Temporary Injunciton and Permanent Injunction from the official record of the court
- ( d )  Mandamus Relief directing the Dallas 68th Civil District remand the case for further trial on the merits
- ( e )  Injunctive Relief barring Associate Judge Monica Purdy from sitting any further cases with which which plaintiff is a party
    An Ethics and Disciplinary committee review of Kelly M. Davis
- ( f )  Mandamus Relief Ordering an Ethics and Disciplinary committee review of Associate Judge Monica Purdy
- ( g )  Mandamus Relief Ordering an Ethics and Disciplinary committee review of The Dallas 68th Civil Court District
- ( h )  Mandamus Relief Ordering an Ethics and Disciplinary committee review of Rhonda Pinson
- ( i )  Mandamus Relief Ordering any other disciplinary actions as may be available under all relevant statutes
- ( j )  A Court order specifically allowing plaintiff to record judicial hearings in which he is a part of
- ( k )  The Court Order outlined in ( j ) be made easily obtainable and executable for other people to be able to protect themselves as well

18  A temporary restraining order is generally not appealable because of its interlocutory nature; however, courts have found mandamus to be an appropriate remedy for a trial court's erroneous granting of a temporary restraining order.For example, as with in this case In re Office of Atty. Gen., 257 S.W.3d 695, 697–98 (Tex. 2008) (orig. proceeding) (percuriam) (approving the petition for mandamus based

19  on the trial court's abuse of discretion in regard to a temporary restraining order because the plaintiff lacked adequate remedy on appeal); In re Tex.Natural Res. Conservation Comm'n, 85 S.W.3d 201, 207 (Tex. 2002) (orig. proceeding) (holding mandamus relief was available to remedy a temporary restraining order) General, In re Office of Atty. Gen., 257 S.W.3d 695 (Tex. 2008) (orig. proceeding) (per curiam). the supreme court held that mandamus was available to vacate a trial court's temporary restraining order that violated TRCP 680 and 684.147 In that case as in this one, the "original and first amended orders were granted ex parte," but the court did not "explain why they were granted without notice" as required under rule 680.148 The supreme court also held that mandamus is available when a temporary restraining order is issued and waiting to appeal would leave the parties without adequate remedy on appeal because of the timely nature of elections. Matching this action as the timely nature of an order for contempt pending, would cause damage before appeal. In re Newton, the court held that temporary restraining orders are generally not appealable; notwithstanding this general principle, when an election concludes before any proceedings in the trial court can be appealed, plaintiffs are left without adequate appellate remedy and can seek mandamus relief See id. at 652–53 (granting mandamus relief in this situation because the parties could not correct the trial court's abuse of discretion on appeal as the election would have already transpired ) in this instance the relief being appropriate as proceedings will conclude before an appeal can be completed. The Court may grant temporary relief pending its determination of an original proceeding ( cit. TRAP 52.10( b ).

## Statement Of Closing

20  Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

21  I agree to provide the Clerk s Office with any changes to my address where case related papers may be served. I understand that my failure to keep a current address on file with the Clerk s Office may result in the dismissal of my case.

Corey Steele
2633 McKinney Ave #395
Dallas TX, 75204
214-551-8595
csteele@trustmarkroofing.com

Steele                                V                           Assoc. Judge Monica Purdy , Et Al