## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| COREY STEELE, | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | |
| | § | No. 3:19-CV-1679-N-BH |
| UNICON GROUP, et al., | § | |
| | § | |
| **Defendants.** | § | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Based on the relevant filings and applicable law, the claims against the remaining defendants who have not appeared should be **DISMISSED** for failure to serve them, and final judgment should be entered.

### I. BACKGROUND

On July 12, 2019, the *pro se* plaintiff filed this action against fourteen defendants, including an associate state district judge (Judge), for alleged violations of his constitutional rights in a state civil lawsuit in which injunctive relief was granted against him. (*See* doc. 3.) He moved for leave to proceed *in forma pauperis* (IFP), but after a finding that he did not satisfy the requirements for proceeding IFP, he paid the filing fee on July 24, 2019. (*See* docs. 5, 6.) His filing of purported summonses for three defendants, including Judge, on August 1, 2019, was construed as a request for the issuance of summonses, and the Clerk of Court issues summonses for those three defendants on that date. (*See* docs. 9, 10.) On August 2, 2019, the plaintiff filed certificates of service for those three defendants, indicating that they had been served "via Texas eFile System." (*See* docs. 13, 14, 15.) The certificates stated that summonses were stamped and accepted by the Dallas District Clerk.

---

[1] By *Special Order 3-251*, this *pro se* case was automatically referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

(*Id.*) Only Judge appeared, and the claims against her were ultimately dismissed on September 29, 2020. (*See* docs. 28, 31, 49, 53, 54.)

By order dated August 13, 2020, the plaintiff was ordered to file valid returns of service for the defendants who had not appeared, or show cause in writing as to why service could not be made on those defendants by August 27, 2020. (*See* doc. 51.) The order explained that because more than 90 days had passed since the suit was filed, and he had failed to file valid returns of service for all of the defendants, the action was subject to dismissal under Fed. R. Civ. P. 4(m) as to the defendants who had not appeared. (*Id.*) The order expressly stated that if the plaintiff failed to comply with the order, dismissal of the case would be recommended without further notice. (*Id.*)

On August 27, 2020, the plaintiff filed purported summonses and requests for waiver for the three defendants for whom summonses had been issued, including Judge. (*See* doc. 52.) As of this date, he has not filed anything else, including valid returns of service for any of the defendants who have not appeared or shown cause in writing for his failure to do so.

## II. ANALYSIS

Because he paid the filing fee, the plaintiff was responsible for serving each defendant with a summons and a copy of the complaint as provided by Rule 4(c) of the Federal Rules of Civil Procedure. He was required to make proper service on the defendants within 90 days of filing the complaint. *See* Fed. R. Civ. P. 4(m). He was also required to file proof of service, unless service was waived. *See* Fed. R. Civ. P. 4(l)(1). Proof consists of "the server's affidavit" when service is not effected by a United States marshal or deputy marshal. *Id.*

When proper service is not made within 90 days of filing a complaint, an action is subject to *sua sponte* dismissal without prejudice. Fed. R. Civ. P. 4(m). Dismissal is not proper "if the plaintiff shows good cause for the failure" to properly accomplish service, however. *Id.* In the Fifth

2

Circuit, courts must allow additional time for service if a plaintiff can establish good cause. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325–26 (5th Cir. 2008) (citing *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996)). "[T]o establish 'good cause' the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Lindsey v. United States R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (quoting *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993)). Courts also typically require "some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified." *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995). The plaintiff bears the burden to show good cause. *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988).

Even if the plaintiff fails to show good cause, a court has the discretionary power to extend the time for service instead of dismissing the case without prejudice. *Millan*, 546 F.3d at 325 (citing *Thompson*, 91 F.3d at 21). Exercise of this discretionary power "may be warranted, 'for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service.'" *Millan*, 546 F.3d at 325 (quoting Fed. R. Civ. P. 4(m) advisory committee's note (1993)).

Here, far more than 90 days have passed since the plaintiff filed this action, but he has not accomplished service on the thirteen defendants named in his complaint who have not appeared. (*See* docs. 3, 51.) He was ordered to file a valid return of service or show cause in writing as to why service could not be made on the defendants who had not appeared. (*See* doc. 51.) Despite the order, the plaintiff has not filed valid returns of service or met his burden to show cause for his failure to properly serve the defendants. The plaintiff's certificates of service indicate that he attempted to serve three of the defendants, including Judge, by "Texas eFile System." (*See* docs. 13, 14, 15.)

3

Neither the federal nor the state rules of civil procedure permit the plaintiff to serve process because he is a party to this action, however. *See* Fed. R. Civ. P. 4(c)(2); Tex. R. Civ. P. 103. Because the plaintiff himself attempted service, it is not valid. The plaintiff has not followed federal or state law for service, and he has not filed proof of service on the defendants.

Further, the plaintiff has shown nothing to support the exercise of discretion to provide more time to accomplish service. Although he purported to file summonses and requests for waiver of service on August 27, 2020, he has filed nothing else. The docket reflects no additional attempts to accomplish service on those defendants who did not appear. There is no indication that the plaintiff ever attempted to serve any of the other defendants listed in his complaint for whom he did not request summonses. Accordingly, no extension of time is required, and dismissal of the action is warranted. *See Caceres-Mejia v. Watson*, 718 F. App'x 307, 308–09 (5th Cir. 2018) (per curiam) (finding that the district court did not abuse its discretion in dismissing an action without prejudice for lack of timely service where the plaintiff did not follow state law for service of summons or file the requisite proof to establish that the defendant acknowledged service of process).

## III. RECOMMENDATION

This claims against the defendants who have not appeared should be **DISMISSED** without prejudice *sua sponte* for failure to comply with Fed. R. Civ. P. 4(m), and final judgment should be entered, unless the plaintiff files valid proof of service for the defendants within the time for objecting to this recommendation, or by some other deadline set by the Court.

**SO RECOMMENDED** on this 27th day of May, 2021.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before a magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United States Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5